UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CBK CONSTRUCTION LLC, a Michigan Limited Liability Company; and
CARL L. BLAUWKAMP, and individual,

    Plaintiffs,

v.

REGION CAPITAL LLC, a Florida limited liability company; and
JOHN DOES 1-10, unnamed persons,

    Defendants.

Case No. 1:18-cv-449

Hon.

# COMPLAINT

Plaintiffs CBK Construction LLC and Carl L. Blauwkamp, by and through their counsel, for their Complaint against Defendants Region Capital LLC and John Does 1-10, state as follows:

## INTRODUCTION

1. Plaintiffs are the victims of an unlawful loan-sharking and usury scheme perpetrated by Defendants, whereby Defendants fraudulently induced Plaintiffs into providing information to Defendants and agreeing to a loan arrangement wherein interest would accrue at an annual interest rate exceeding 225%.

2. Defendants obtained Plaintiffs' bank account information through their fraudulent scheme and ultimately used it and an unlawfully and fraudulently obtained New York state-court judgment to extract payments of over $107,000.00 from Plaintiffs.

3. Defendants' unlawful conversion of funds belonging to Plaintiff CBK Construction LLC ("CBK") has caused CBK to be unable to operate its construction contracting business, causing substantial consequential damages to Plaintiffs.

## THE PARTIES

4. Plaintiff CBK Construction LLC ("CBK") is a Michigan limited liability company wholly owned by citizens of the State of Michigan. CBK is a citizen of the State of Michigan.

5. Plaintiff Carl L. Blauwkamp ("Blauwkamp") is an individual residing and doing business in the State of Michigan. Blauwkamp is an owner of CBK and is a citizen of the State of Michigan.

6. Defendant Region Capital LLC ("Region") is a Florida limited liability company with a principal place of business located at 323 Sunny Isles Boulevard, Suite 501, Sunny Isles, Florida 33160. Region's registered agent is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. According to filings with the State of Florida, Region's registered office address is 21500 Biscayne Boulevard, Suite 600, Aventura, Florida 33180.

7. Defendants John Does 1-10 ("Does") are persons whose identities are not yet known, who own and/or operate Region and/or control its day-to-day operations. Upon information and belief, Does are citizens of the State of Florida and/or the State of New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 2201.

9. The amount in controversy in this action is greater than $75,000.00 and the citizenship of the parties is diverse.

10. Venue is appropriate in this Court because the conduct complained of took place within this District.

## FACTUAL ALLEGATIONS

11. CBK is a construction contracting company located in Holland, Michigan that acts as a general contractor and subcontractor, primarily for the construction of commercial and industrial buildings.

12. In early 2018, Blauwkamp sought financing to fund CBK's operations, as CBK experienced a temporary cash shortage while working on several substantial construction projects for which payments were expected months later.

13. Blauwkamp approached a broker, Dynamic Capital, to arrange a short-term business loan for CBK.

14. Andrew Fabrikant, an officer or employee of Dynamic Capital, referred Blaukwamp to Region to fund the loan to CBK.

15. Region holds itself out to the public as a provider of "business capital," including "asset based lending," "bad credit loans," "business cash advance," "fast cash loans," "high risk loans," "small loans," and "working capital loans."

16. Region is in the business of lending money.

17. Blauwkamp spoke to several representatives of Region in February of 2018 to arrange the loan to CBK. It was understood by Blauwkamp and Region's representatives that Blauwkamp and CBK desired a loan that would be paid back in installments with interest at a specified rate.

18. Blauwkamp and Region's representatives specifically discussed the loan arrangement as a loan at a specified interest rate of 22%.

3

19. Region and John Does 1-10 willfully misrepresented to Blauwkamp that the arrangement between Region on the one hand and CBK and Blauwkamp on the other hand was to be a conventional, short-term business loan at an interest rate of 22%.

20. Region and Does represented to Blauwkamp that the arrangement between Region on the one hand and CBK and Blauwkamp on the other hand was a conventional, short-term business loan with the specific intent that CBK and Blauwkamp would rely on such representation and enter into the financing agreement with Region.

21. Blauwkamp and CBK would not have entered into any financing arrangement with Region had Region and Does not misrepresented the nature of such arrangement; i.e., that it was to be a conventional short-term business loan.

22. Ultimately, Region and Does presented Blauwkamp and CBK with loan paperwork bearing the title "Secured Merchant Agreement ("SMA"). The SMA was purportedly the basis for Region to collect money from CBK and/or Blauwkamp.

23. The SMA attempts to disguise the loan transaction agreed to by CBK, Blauwkamp, and Region as a "purchase and sale of future receivables," disclaiming that the arrangement between Region, CBK, and Blauwkamp was in fact a loan as all parties in fact intended the arrangement to be.

24. Region drafted and/or adopted the form of SMA used by it for the specific purpose of disguising loans as "purchase[s] and sale[s] of future receivables" in order to charge its "clients," including CBK and Blauwkamp, exorbitant, usurious, and unlawful interest under the guise of an unregulated transaction.

25. The SMA contemplates: (1) a loan of $60,000.00 to CBK; and (2) repayment in the amount of $89,940.00 by **daily** installments of $1,124.00, for a term of approximately **80 days**.

4

26. The actual annual interest rate of the loan advanced by Region was approximately 227%, not the 22% Region had promised in its communications with Blauwkamp.

27. Under M.C.L. § 438.41, a person is guilty of criminal usury when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding 25% at simple interest per annum or the equivalent rate for a longer or shorter period. Such a person may be imprisoned for up to five (5) years and/or fined up to $10,000.00.

28. A lender who charges interest in excess of that allowed by law is barred from recovery of any interest, any official fees, delinquency or collection charge, attorney fees, or court costs. M.C.L. § 438.32.

29. The SMA is an agreement to carry out an illegal act, has unlawful consideration, and is therefore void *ab initio*.

30. The SMA is an adhesion contract that is unconscionable and unenforceable as a matter of public policy.

31. As a condition of funding the loan, Region required Blauwkamp and CBK to sign the SMA and various addenda thereto, including a form on which Blauwkamp and CBK were required to provide bank account information and sign a purported authorization for Region to directly debit CBK's bank account to make required payments to Region.

32. Region also required that Blauwkamp and CBK execute an Affidavit of Confession of Judgment ("ACJ") and related paperwork purportedly allowing Region to immediately obtain a judgment in a New York state court in the event of any default under the terms of the loan.

33. Blauwkamp expressed concern regarding the ACJ with Fabrikant. Fabrikant, acting as agent of Region, advised Blauwkamp that the ACJ was not enforceable under New York law and that executing the ACJ therefore did not pose a risk to Blauwkamp or CBK.

34. Fabrikant's statement to Blauwkamp that the ACJ could not and would not be enforced by Region were false statements intended to induce Blauwkamp and CBK to sign the ACJ for the benefit of Region, to enable Region to make and collect a usurious and unlawful loan.

35. Blauwkamp and CBK relied on Fabrikant's statement that the ACJ was unenforceable, and would not have signed the ACJ but for this representation.

36. CBK and Blauwkamp signed the SMA and associated documents, including the ACJ, on February 15, 2018.

37. Region subsequently transferred the $60,000.00 principal of the Loan to CBK.

38. Region then began to debit CBK's account at Huntington National Bank ("Huntington") in the amount of $1,124.00 **per day** in repayment of the loan. These debits began in February of 2018.

39. In March of 2018, Blauwkamp became concerned that the repayment rate for the loan indicated that Region was charging excessive interest. He made a rough calculation that Region was charging close to 200% interest and directly debiting CBK's account accordingly.

40. On or about March 14, 2018, at which time CBK's account had been debited over $17,000.00 by Region, Blauwkamp contacted Huntington and instructed it to block any further debits by Region. Blauwkamp intended to negotiate a repayment schedule with Region that would correct the interest rate discrepancy.

41. The SMA and ACJ were void *ab initio* and did not entitle Region to obtain a judgment against CBK or Blauwkamp.

42. Alternatively, Region breached the agreement by charging interest far in excess of the promised rate of 22% and thereby forfeited any right to obtain a judgment against CBK and Blauwkamp pursuant to the ACJ.

43. Notwithstanding the foregoing, Region proceeded without further notice to Blauwkam or BCK to file the ACJ in the Supreme Court of the State of New York, Orange County, New York (Case No. EF003143-2018) and obtain a "Judgment of Confession" in the amount of $90,327.71 against CBK and Blauwkamp.

44. The Judgment of Confession, dated March 20, 2018, includes not only the entire principal balance of the $60,000.00 loan, but also: (1) the full $29,940.00 in interest charges under the loan; (2) attorney fees in the amount of $17,989.00; (3) unspecified additional interest in the amount of $157.71; and (4) unspecified costs in the amount of $225.00.

45. The Judgment of Confession was procured by fraud, including: (1) Fabrikant's false assertion that Region could not and would not use the ACJ to obtain a judgment against CBK and/or Blauwkamp; and (2) Region's fraudulent inducement of the loan agreement between itself and CBK and Blauwkamp.

46. The same day the Judgment of Confession was dated, Region issued Information Subpoenas with Restraining Notices ("Notice") to one or more banks, instructing them, *inter alia*, that they were forbidden from disposing of or allowing transfer of any property belonging to CBK or Blauwkamp. Upon information and belief, such banks included Huntington.

47. As a result of receiving a Notice from Region, Huntington froze CBK's operating bank account, which then contained approximately $95,000.00. The funds in that account thus became inaccessible to CBK.

48.     Upon information and belief, Huntington intends imminently to furnish approximately $90,000.00 from the CBK account to Region in satisfaction of the Judgment of Confession.

49.     The Notice from Region to Huntington interfered with CBK's property rights in the funds within its operating account at Huntington and was inconsistent with CBK's property rights in such funds.

50.     CBK and Blauwkamp have suffered damages as a result of Region's interference with CBK operating funds, including lost profits and lost business opportunities.

## COUNT I
## USURY

51.     The loan agreement between Region, CBK, and Blauwkamp violated Michigan's usury statutes and was induced by fraudulent misrepresentations by Region and its employees and agents.

52.     The loan agreement between Region, CBK, and Blauwkamp was void *ab initio* and unenforceable.

WHEREFORE, Plaintiffs respectfully request that the Court render the following relief:

   a. Declare the loan agreement between Region, CBK, and Blauwkamp to have been void *ab initio* and unenforceable;

   b. Declare that Region is barred from recovering any interest, delinquency, collection charge, attorney fees, or court costs with respect to the loan pursuant to M.C.L. § 438.32;

   c. Award Plaintiff the amount of any interest, delinquency, collection charge, attorney fees, and court costs collected by Region;

    d.  Award Plaintiffs their costs and attorney fees pursuant to M.C.L. § 438.32; and

    e.  Order such other and further relief as is just and equitable.

COUNT II
CONVERSION

53. In knowingly causing Plaintiffs' Huntington account to be frozen and in furtherance of their attempts to obtain the fruits of their usurious and void loan agreement, Defendants exercised wrongful dominion and control over property belonging to Plaintiffs.

54. Defendants' interference with Plaintiffs' property rights in the funds on deposit with Huntington constituted conversion of Plaintiffs' property to Defendants' own use.

55. Defendants' conversion of Plaintiffs' funds proximately caused damages to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants providing the following relief:

    a.  Actual damages pursuant to common law;

    b.  Treble actual damages pursuant to M.C.L. § 600.2919a;

    c.  Costs and attorney fees pursuant to M.C.L. § 600.2919a; and

    d.  Any and all further legal and equitable relief as the Court deems just.

COUNT III
FRAUD

56. Defendants defrauded Plaintiffs by misrepresenting the nature of the loan; by misrepresenting the interest rate applicable to the loan; and by misrepresenting that the Region would not and could not collect money from Plaintiffs using the ACJ.

57. Defendants intended Plaintiffs to rely on Defendants' misrepresentations, and Plaintiffs actually and reasonably did rely on such misrepresentations in providing information to Defendants, in agreeing to the terms of the loan, in executing the SMA, and in executing the ACJ.

58. Plaintiffs would not have provided information to Defendants, agreed to the loan, executed the SMA, or executed the ACJ in the absence of Defendants' fraudulent misrepresentations.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants providing the following relief:

    a. Actual damages; and

    b. Any and all further legal and equitable relief as the Court deems just.

## COUNT IV
## UNJUST ENRICHMENT

59. Defendants have obtained a benefit from Plaintiffs in the form of money wrongfully gained as a result of fraud, misrepresentations, conversion, usury, and other wrongful conduct.

60. It is unjust that Defendants retain such benefit.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants providing the following relief:

    a. Imposing a constructive trust over any and all funds obtained by Defendants as a result of the void loan agreement and/or the Judgment of Confession;

    b. Awarding Plaintiffs an amount equal to the unjust benefit obtained by Defendants; and

    c. Any and all further legal and equitable relief as the Court deems just.

                                                        Respectfully submitted,

Dated:  April 20, 2018                    /s/ Theodore J. Westbrook
                                                        Theodore J. Westbrook
                                                        **Westbrook Law PLLC**
                                                        Attorney for Plaintiffs
                                                        6140 28th St. SE, Suite 115
                                                        Grand Rapids, MI 49546
                                                        twestbrook@westbrook-law.net